UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY FONDREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-00599-NCC |
| | ) |
| A. SAUL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented plaintiff Corey Fondren's complaint brought pursuant to 42 U.S.C. § 1983.[1] For the following reasons, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

---

[1] Because plaintiff writes "forma pauperis" on pages one and two of his complaint, the Court will construe him as having brought his complaint *in forma pauperis*.

*v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678.

## The Complaint

Plaintiff has filed a form complaint for violation of his civil rights. He lists as defendants Police Officers M. White, J. Mason, and Alexander. He alleges his federal rights were violated when these officers used excessive force during his arrest on June 7, 2017.

## Discussion

Plaintiff's complaint is duplicative of one he filed in this Court on July 5, 2018: *Fondren v. White*, 4:18-cv-1102-JCH (E.D. Mo.) (filed July 5, 2018). In his first case, plaintiff sued these same three St. Louis County Police Officers for unlawful force during his arrest on June 7, 2017. After full discovery and briefing, the Court issued summary judgment on behalf of defendants Saul, White, and Mason on July 24, 2020. *Id.* at ECF 69. Plaintiff filed an appeal, and on May 25, 2021 the United States Court of Appeals for the Eighth Circuit affirmed the Court's summary judgment ruling. *Id.* at ECF No. 86.

Because plaintiff's § 1983 claims have been adjudicated already on the merits, plaintiff cannot bring these same claims again against these same defendants. *See Midwest Disability Initiative v. Jans Enter., Inc.*, 929 F.3d 603, 607 (8th Cir. 2019) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). For this reason, on initial review, the Court will dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims against defendants are **DISMISSED**.

An Order of Dismissal will accompany this memorandum and order.

Dated this 9th day of June, 2022.

                                             /s/ Jean C. Hamilton
                                             JEAN C. HAMILTON
                                             UNITED STATES DISTRICT JUDGE